ORIGINAL

James D. Boughey (HSB No. 6546)
Jeffrey S. Tachiki (Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
650 California Street, 14th Floor
San Francisco, California 94108-2718
Telephone:  (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendant
ACORDIA NORTHWEST INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 09 2006

at 3 o'clock and 20 min. PM
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PARADISE CRUISE LIMITED,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL ELSE AND COMPANY LTD.; GREAT LAKES REINSURANCE (UK) PLC, dba TRANSMARINE; LLOYD'S OF LONDON; LLOYD'S UNDERWRITERS; ACORDIA NORTHWEST, INC; AON RISK SERVICES, INC. OF OHIO,<br><br>  Defendants.<br><br>AON RISK SERVICES, INC. OF OHIO,<br><br>  Cross-Complainant,<br><br>  v.<br><br>MICHAEL ELSE AND COMPANY LTD.; GREAT LAKES REINSURANCE (UK) PLC, dba TRANSMARINE, LLOYD'S OF LONDON, LLOYD'S UNDERWRITERS, AND ACORDIA NORTHWEST, INC.<br><br>  Cross-Defendants. | Case No.: CV04 00364 ACK BMK<br><br>**ACORDIA NORTHWEST INC.'S OPPOSITION TO PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Action filed: June 10, 2004 |

SCANNED

191211.1

# I. THE CONFIDENTIALITY PROVISION IN THE SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND WATKINS SYNDICATE IS IMPROPER BECAUSE IT UNREASONABLY PREVENTS OTHER NON-SETTLING PARTIES FROM UTILIZING IT IN THIS MATTER.

Defendant Acordia Northwest, Inc. ("Acordia") hereby opposes Plaintiff's Petition for Determination of Good Faith Settlement under H.R.S. § 663-15.5 because the confidentiality provision in the Settlement Agreement ("Agreement") between Plaintiff Paradise Cruise Limited, ("Plaintiff") and Watkins Syndicate unreasonably restricts the non-settling parties' right to usage of the terms of the Agreement insofar as they relate to the instant matter.

Federal courts have repeatedly required the production to non-settling defendants of otherwise confidential settlement agreements between plaintiffs and other defendants in the same cases. See, e.g., *White v. Kenneth Warren & Son, Ltd.*, 203. F.R.D. 364 (N.D. Ill. 2001) (compelling settling party to disclose terms of settlement agreement under protective order); *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986) (ordering settling party to disclose to defendant hospital confidential settlement agreement between medical malpractice plaintiffs and defendant physicians). Those cases analogized the disclosure of settlement terms to non-settling parties to insurance disclosure requirements of Federal Rule of Civil Procedure 26(a)(1)(D) because, like insurance disclosures, settlement agreement disclosure would allow the non-settling parties "to enter settlement negotiations and formulate a litigation strategy without speculating as to whether its potential liability has been partially satisfied." *White* at 367.

Both courts noted the policy considerations of disclosing settlement terms to non-settling parties, which include fostering settlement talks and promoting judicial economy. *Id.*; *Bennett* at 138-39.

Here, the confidentiality provision (subsection "VI") in the Agreement provides, in relevant part:

> Watkins and Paradise agree that all matters relating to the terms, negotiation and implementation of this Agreement shall be confidential and are not to be disclosed except by order of court or agreement, in writing, of Watkins and Paradise, except that, provided recipients agree to keep such information confidential; the Agreement may be disclosed to … Acordia Northwest, Inc. and Aon Risk Services, Inc. of Ohio <u>but only under seal as to these entities</u>.…

In effect, Plaintiff, by virtue of the confidentiality provision, forces the non-settling parties in this case, Acordia Northwest and Aon, to physically go to this Court to inspect the Agreement should either defendant desire to review the information in developing a litigation strategy in this case. This, in the case of Acordia, would require a lengthy and expensive flight to Honolulu by its counsel everytime Acordia wished to have access to the Agreement, which is unduly oppressive and burdensome.

Plaintiff has failed to respond to Acordia's discovery requests, which include disclosure of the material terms of the Agreement. Plaintiff has not filed a motion for protective order or offered any reason for the confidentiality of this Agreement, and certainly offered no grounds in their petition stating why Acordia and Aon should be forced to only have access to the document under seal.

Acordia's counsel called counsel for Plaintiff to meet and confer and to request a stipulation from Plaintiff allowing Acordia to have access to the Agreement without seal. Plaintiff's counsel refused, thereby forcing Acordia to file the instant Opposition.

### III.   CONCLUSION

Based on the foregoing, Acordia respectfully opposes Plaintiff's Petition for Good Faith Determination and requests that this Court order the production of the Agreement without seal to the non-settling parties to this case, Acordia and Aon, for

///

191211.1

1  the limited purposes of this case, not to be disclosed to other persons unrelated to the
2  instant action.
3  Dated: January 6, 2006

      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

      By: _Mark L. Cohen for JST_
        James L. Boughey
        Jeffrey S. Tachiki
        Attorneys for Cross-Defendant
        **ACORDIA NORTHWEST, INC.**

4

191211.1

# PROOF OF SERVICE

I am a citizen of the United States, I am over the age of eighteen years not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 650 California Street, 14th Floor, San Francisco, California 94108. On this date I served the following documents:

**ACORDIA NORTHWEST INC.'S OPPOSITION TO PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

on the party(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

___ : **By First Class Mail** – I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

___ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

**XX** : **By Federal Express** – I caused each such envelope to be given to Federal Express at San Francisco, California, to be hand delivered to the office of the addressee within 3 to 4 business days.

___ : **By Facsimile** – The document was sent via facsimile to the facsimile numbers listed below each addressee on this proof of service.

Robert E. Chapman
Rchapman@paclawteam.com
Mary Martin
Mmartin@paclawteam.com
Stanton Clay Chapman Crumpton & Iwamura
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8444

Jeffrey S. Portnoy
Jportnoy@cades.com
Cades Schutte, Cades Schutte Building
1000 Bishop Street, Suite 1200
P.O. Box 939
Honolulu, Hawaii 96808
Telephone: (808) 521-9200
Facsimile: (808) 521-9210

B. Otis Felder
Bofelder@kayerose.com
Kaye, Rose & Maltzman, LLP
1801 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

191211.1

1  I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct to the bes of my knowledge.

Executed January 6, 2006, at San Francisco, California.

_____
Violet Rajkumar

6

191211.1