ORIGINAL

CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4212
Telephone: (808) 521-9200
Fax: (808) 540-5040
E-mail: jportnoy@cades.com

Attorneys for Defendant
AON RISK SERVICES, INC. OF OHIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PARADISE CRUISE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ELSE AND COMPANY, LTD; GREAT LAKES REINSURANCE (UK) PLC, dba TRANSMARINE; LLOYD'S OF LONDON; LLOYD'S UNDERWRITERS; ACORDIA NORTHWEST, INC; AON RISK SERVICES, INC. OF OHIO,<br><br>Defendants. | CIVIL NO. 04-00364 ACK-BMK<br><br>DEFENDANT AON RISK SERVICES, INC. OF OHIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER SEAL FILED DECEMBER 20, 2005[1]; EXHIBITS "A", "B"; CERTIFICATE OF SERVICE.<br><br>Hearing: January 26, 2006<br>Time: 9:30 a.m.<br>Magistrate Judge Barry M. Kurren |

---

[1] Because it appears that the specific terms of the Setlement Agreement have been filed under seal, no specific reference to the amount of the settlment will be made in this pleading.

ImanageDB:629052.1

### DEFENDANT AON RISK SERVICES, INC. OF OHIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER SEAL FILED DECEMBER 20, 2005

Plaintiff Paradise Cruise Limited has asked this Court to find that a settlement reached between it and Watkins Syndicate ("Watkins") should be afforded good faith settlement treatment pursuant to Haw. Rev. Stat. § 663-15.5. Under that Statute, if the Court were to find that the settlement was reached in good faith, Watkins, a co-defendant with Aon and other parties, would limit its' liability in this matter to the amount of the consideration paid and would be discharged from any further liability by way of a contribution cross-claim by any other joint tort feasor.

In its Petition, Plaintiff acknowledges the "totality of circumstances" test adopted by the Hawaii Supreme Court in Troyer vs Adams. 102 Haw. 399, 77 P.2d 83 (2003), as the appropriate standard for determining whether a settlement is in good faith. On page 3 of its Memorandum in support of Petition, it accurately sets out the nine-point test adopted by our Supreme Court, but fails totally in its Memorandum to provide any evidence to support that any of the nine factors in the test demonstrate that the settlement reached between it and Watkins is in good faith. In fact, Paradise states, on page 4 of its Memorandum in Support, that it "believes it would have prevailed had it litigated the coverage issues with Watkins

in England and would have recovered the policy limits on its claim". Despite this statement, Paradise has apparently settled this claim in an amount which appears to be dramatically less than the amount of the total loss asserted by Paradise in its Initial Disclosures (see Document Bates stamped "PCL0024", a February 4, 2002 letter from Paradise to co-defendant Acordia attached hereto as Exhibit "A" and made a part hereof).

The Complaint in this case alleges that Watkins and the co-defendants failed to pay insurance proceeds due to Paradise as a result of trade disruption losses occasioned by the September 11, 2001 attacks on the World Trade Center in New York. Of the six Counts in the Complaint, three are asserted solely against the settling defendant.

Paradise's claim against Aon and the non-settling co-defendant is that plaintiff allegedly purchased the subject insurance policy based upon representations by the broker regarding the scope of the trade disruption insurance and that allegedly the insurer takes the position that some or all of the claimed losses are not within the policy terms and conditions. Unfortunately, despite being served with Interrogatories on September 27, 2005 asking Paradise to provide the facts supporting that claim, no responses to the Interrogatories have yet been received, and despite this, Paradise now seeks this Court's good faith determination that the settlement it reached with the insurer is in good faith, and

suggests that it is the non-settling defendants' obligation to establish to this Court's satisfaction that the settlement is not in good faith. Although that burden may well be appropriately stated, Paradise cannot hide behind its blatant failure to provide appropriate responses to the interrogatories which has denied Aon and the non-settling defendants the opportunity to evaluate the validity of Paradise's claims against those entities.

Aon was not a party to the mediation that allegedly led to the subject settlement. Although it appears that the mediation was conducted in Honolulu, no information regarding these negotiations, including any explanation as to why the proposed settlement is in good faith, has ever been communicated to Aon, nor to this Court.

Other than some brief written discovery, there has been no other discovery in this case, primarily as a result of jurisdictional issues which needed to be addressed by the Court, followed by a stay issued by the Court here in Hawaii to permit an arbitration to take place in England between the settling defendant and plaintiff. That arbitration was apparently superseded by the mediation. Therefore, Aon has virtually no information upon which to evaluate the Petition for Good Faith settlement, other than the fact that the primary claims asserted in this case are against the insurer on the basis that it failed to properly pay claims pursuant to the trade disruption policy, and Exhibit "A" which establishes Paradise's insurance

claim in an amount in excess of 80% of the proposed settlement. On its face, it should be clear to this Court that, at a minimum, without extensive review to establish whether the nine-point test in Troyer has been met, any good faith determination is, at a minimum, premature.

There are two competing arguments that one can legitimately make in viewing this proposed settlement. Either the total amount of the claim is not much greater than the amount of the settlement, despite the amounts claim in Exhibit "A", or there has been some type of collusion to permit the primary tort feasor, the insurer who wrote the subject policy and who refused to pay the claim (see, for example, Exhibit "B", a July 9, 2002 letter sent by Paradise Cruise Limited's initial insurance counsel to Watkins' representative), to release itself of any further liability by paying only a small percentage of the claim.

Aon respectfully asks this Court to conduct a full scale evidentiary hearing, pursuant to the nine-part Troyer test, to determine whether, in fact, this settlement is in good faith. Aon is prepared to present to this Court evidence, including documents previously made available to the parties by way of Initial Disclosures, that supports its claim that this settlement has not been entered into in good faith, and that neither plaintiff or Watkins is entitled to a good faith determination. On its face, however, it fails the Troyer test without hearing. Based upon plaintiff's own representations, total revenue losses were almost $4 million, and

lost gross profit exceeded $2.4 million (see page 4 of Exhibit "1"). Plaintiff's counsel's own statement in the Petition seeking good faith settlement states that Paradise believes it would have prevailed had it litigated the coverage issues with Watkins and would have recovered full policy limits on its claim. As the total amount of the settlement is dramatically less than the amount claimed, there are obviously legitimate questions as to how Paradise and Watkins can represent to this Court that it deserves a good faith determination.

DATED: Honolulu, Hawaii, January ___, 2006.

_____
JEFFREY S. PORTNOY
Attorneys for Defendant
AON RISK SERVICES, INC. OF OHIO