IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PARADISE CRUISE LIMITED, | ) | CIVIL NO. CV04-00364 ACK/BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | PETITION |
| vs. | ) | |
| | ) | |
| MICHAEL ELSE AND COMPANY | ) | |
| LTD.; GREAT LAKES | ) | |
| REINSURANCE (UK) PLC, dba | ) | |
| TRANSMARINE; LLOYD'S OF | ) | |
| LONDON; LLOYD'S | ) | |
| UNDERWRITERS; ACORDIA | ) | |
| NORTHWEST, INC.; AON RISK | ) | |
| SERVICES, INC. OF OHIO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PETITION

I.    STATUS OF THE CASE

Pursuant to the Court's instructions at a status conference held on

May 2, 2006, Defendants Acordia Northwest, Inc. ("Acordia") and AON Risk

Services, Inc. of Ohio ("Aon") participated in mediation with the Honorable John

McConnell (Ret.) On July 20, 2006.  Plaintiff and Acordia reached a settlement.

Aon remains unwilling to engage in any meaningful settlement discussions with

Plaintiff.

Plaintiff seeks a determination that its settlement with Acordia was in good faith so that it and Acordia may be afforded the protection under Section 663-15.5, Hawaii Revised Statutes.

## II.    DETERMINATION THAT THE SETTLEMENT WAS GIVEN IN GOOD FAITH

### A.    The Standard Required by Section 663-15.5, H.R.S.

As amended, Section 663-15.5, H.R.S., provides, in part:

(a)    A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligators who are mutually subject to contribution rights shall:

(1)    Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;

(2)    Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and

(3)    Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

In Troyer v. Adams, 102 Haw. 399, 77 P.2d 83 (2003), the Hawaii Supreme Court adopted the "totality of circumstances" as the appropriate standard for determining whether a settlement is given in good faith.   The court in Troyer

2

suggested several factors that could be considered in deciding whether the

settlement has been given in good faith.  They include:

> (1) the type of case and difficulty of proof at trial, e.g.,
> rear-end motor vehicle collision, medical malpractice,
> product liability, etc.; (2) the realistic approximation of
> total damages that the plaintiff seeks; (3) the strength of
> the plaintiff's claim and the realistic likelihood of his or
> her success at trial; (4) the predicted expense of
> litigation; (5) the relative degree of fault of the settling
> tortfeasors; (6) the amount of consideration paid to settle
> the claims; (7) the insurance policy limits and solvency
> of the joint tortfeasors; (8) the relationship among the
> parties and whether it is conducive to collusion of
> wrongful conduct; and (9) any other evidence that the
> settlement is aimed at injuring the interests of a
> non-settling tortfeasor or motivated by other
> wrongful purpose.

102 Haw. at 427; 77 P.2d at 111.

B.     The Acordia/Paradise Settlement Satisfied Section 663-15.5, H.R.S.

Analysis of applicable factors under Troyer v. Adams demonstrates

that settlement on the terms negotiated by Paradise was in good faith.

Paradise believes it would have prevailed had it litigated the coverage

issues with Acordia.  Paradise chose to accept a settlement and avoid the

uncertainty inherent in litigation.

Section 663-15.5 places on the non-settling defendants the burden of

proving a lack of good faith.  Clearly, there is nothing about the totality of the

3

circumstances in this case that even raises an issue as to the good faith of the settling parties.

III.    CONCLUSION

Based on the foregoing, Paradise respectfully requests that the Court grant this Petition and enter an order pursuant to Section 663-15.5: (1) determining and finding that the Settlement is in good faith; (2) determining and finding that Paradise has given proper written notice to all known joint tortfeasors and co-obligors in this action, and has otherwise satisfied the applicable notice requirements of Section 663-15.5; (3) determining and finding that the Settlement discharges Acordia from all liability for any contribution to any co-obligors and bars any co-obligors from any further claims against Acordia; and (4) dismissing with prejudice all cross-claims against Acordia.

DATED: Honolulu, Hawaii, September 5, 2006.

_____
ROBERT E. CHAPMAN
JOHN R. MYRDAL
ELISE OWENS THORN
Attorneys for Plaintiff

4