ORIGINAL

Of Counsel:
STANTON CLAY CHAPMAN CRUMPTON & IWAMURA

ROBERT E. CHAPMAN          #2679
rchapman@paclawteam.com
JOHN R. MYRDAL             #1269
jmyrdal@paclawteam.com
ELISE OWENS THORN          #5230
ethorn@paclawteam.com
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone No.: (808) 535-8400
Facsimile No.: (808) 535-8444

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 1 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PARADISE CRUISE LIMITED, | ) | CIVIL NO. CV04-00364 ACK/BMK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FINAL PRETRIAL |
| | ) | STATEMENT; CERTIFICATE OF |
| vs. | ) | SERVICE |
| | ) | |
| MICHAEL ELSE AND COMPANY | ) | |
| LTD.; GREAT LAKES | ) | |
| REINSURANCE (UK) PLC, dba | ) | HEARING: |
| TRANSMARINE; LLOYD'S OF | ) | |
| LONDON; LLOYD'S | ) | DATE:      November 28, 2006 |
| UNDERWRITERS; ACORDIA | ) | TIME:      9:00 a.m. |
| NORTHWEST, INC.; AON RISK | ) | JUDGE:     Hon. Barry M. Kurren |
| SERVICES, INC. OF OHIO, | ) | |
| | ) | |
| Defendants. | ) | Trial Date:  January 9, 2007 |
| | ) | |

## PLAINTIFF'S FINAL PRETRIAL STATEMENT

Plaintiff Paradise Cruise Limited, by and through its attorneys, Clay Chapman Crumpton Iwamura & Pulice, hereby submits the following as its pretrial statement pursuant to Rule 16.6 of the Local Rules of the United States District Court for the District of Hawaii:

**(a)    Party**. This statement is submitted on behalf of Plaintiff Paradise Cruise Limited.

**(b)    Jurisdiction and Venue**. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a)(2)and (3).

**(c)    Substance of Action; Claims & Defenses**

Substance of the Action

In 1999, Plaintiff obtained a trade disruption insurance policy through insurance brokers, defendants Acordia Northwest, Inc. ("Acordia") and Aon Risk Services, Inc. of Ohio ("Aon Risk"). Plaintiff renewed the policy each succeeding year, including the twelve month period beginning May, 2001. The policy underwriter is defendant Watkins Syndicate (erroneously sued as Lloyd's of London and Lloyd's Underwriters).

Plaintiff owned and operated a dinner cruise vessel known as the *Star of Honolulu* that toured Pearl Harbor. Plaintiff suffered substantial economic injuries to its tour business following the terrorists attacks in the United States on September

2

11, 2001. As a result of the attacks, the government closed the airports and closed Pearl Harbor to commercial vessels. In the months following the attacks, Hawaii suffered a significant downturn in tourism, attributed directly to the terrorist attacks.

Plaintiff believed, based on representations defendant brokers made to Plaintiff concerning the trade disruption policy, that losses resulting from the airport closures and the closure of Pearl Harbor would be covered under its trade disruption policy. Plaintiff filed a claim with defendant Acordia to recoup the money it lost as a result of the terrorist attacks. Defendants Acordia and Aon Risk submitted Plaintiff's claim to defendant Watkins Syndicate. However, defendant Watkins Syndicate refused to compensate Plaintiff for certain losses under the policy. Plaintiffs have settled their claims against Watkins and Acordia. Aon has refused to offer any settlement with Plaintiffs.

### Claims and Defenses

Plaintiff has stated the following claims for relief against Defendant Aon:

1.      Unfair and Deceptive Acts and Practices pursuant to Chapter 480 of the Hawaii Revised Statutes, in that Defendant AON made representations concerning the policy purchased by Plaintiff which led Plaintiff to believe that the scope of coverage included the acts leading to Plaintiff's loss.

2.      Breach of Contract. Plaintiff had an agreement with Defendant AON to purchase a policy which covered the losses and perils arising from

3

Plaintiff's trade disruption; and

       3.     Negligence in connection with the sale of the trade disruption

insurance policy at issue.

      Aon has stated the following affirmative defenses:

1. The complaint fails to state a claim upon which relief can be granted.
2. Breach of contract.
3. Unclean hands and/or *in pari delicto*.
4. Waiver, estoppel, release, consent, laches, acceptance of finacial and other benefit, implicit or explicit acceptance, novation, failure to repudiate and/or failure to notify.
5. Contributory negligence, assumption of risk, self-inflicted harm, and/or failure to mitigate damages.
6. Lack of reliance.
7. Lack of proximate cause.
8. Lack of privity and/or authority.
9. Lack of jurisdiction.
10. Haw. Rev. Stat. § 663-31.

**(d)    Undisputed Facts.**

       1.     Aon is a foreign corporation incorporated under the laws of the

State of Ohio.

       2.     On September 11, 2001, the twin towers of the World Trade

Center in New York City, and the Pentagon, in Washington, D.C., were attacked

by terrorists using civil/commercial airliners to target the buildings.

**(e)    Disputed Factual Issues.**

      All other facts are in dispute.

4

**(f)    Relief Prayed.**

Plaintiff seeks a judgment in its favor and against Defendant Aon for

damages resulting from Aon's breach of contract and negligence and for a

judgment of treble damages together with an award of actual attorneys' fees, costs,

expenses and advances as allowed under the provisions of Hawaii Revised

Statutes, Section 480-13.

**(g)    Points of Law.**

1.    <u>Breach of Contract</u>.  A broker may be held liable for breach of

a contract to procure insurance.  To establish a contract, an insured must allege

that one of the parties proposes to be insured, the other party agrees to provide the

insurance and the subject, period, amount and rate are ascertained or understood

and the premium is paid.  <u>Lake County Grading Company of Libertywille, Inc. v.

Great Lakes Agency, Inc.</u> 226 Ill.App.3d 697, 589 N.E.2d 1128, 168 Ill.Dec. 728

(1992).  The essential elements can be established by implication if they are not

stated explicitly.  <u>Scarsdale Villas Associates, Ltd. v. Korman Associates

Insurance Agency, Inc.</u>, 78 Ill.App.3d 261, 264, 127 Ill.Dec. 463, 533 N.E.2d 81

(1988).

2.    <u>Negligent misrepresentation</u>.  The Hawaii Supreme Court has

adopted the Restatement (Second) of Torts § 552 as the law on negligent

5

misrepresentation.  Negligent misrepresentation requires that: (1) false information be supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient relies upon the misrepresentation."  Blair v. Ing, 95 Haw. 247, 269, 21 P.3d 452, 474 (2001).

   3. Pursuant to Section 552, an insurance agent owes a duty to his clients to exercise reasonable care to provide accurate representations about existing information which was ascertainable by him. Merrill v. William E. Ward Insurance, 87 Ohio App.3d 583, 591, 622 N.E.2d 743, 749 (1993).

   4. A policy holder is under no duty to read a policy unless circumstances indicate it would be unreasonable for it to do so.  Rempel v. Nationwide Life Insurance, 471 Pa 404, 370 A.2d 366 (1977).  It is not unreasonable for consumers to rely on the representation of the expert rather than rely on the contents of the policy itself. Id.  The parties' past dealings, along with statements by the agent all factor in whether the Plaintiff reasonably relied on statements by the agent in not reading the policy.

   5. An insurance agent can be held liable for failure to procure proper insurance coverage.  Insurance agent which had been requested to provide complete coverage for total value of insured's business inventory and which knew

or should have known the amount of insurance necessary to effect complete

coverage but which thereafter underinsured the insured, could be liable in tort or

contract. McAlvin v. General Insurance Company of America, 97 Idaho 777, 544

P.2d 955 (1976).

      6.     In McAlvin v. General Insurance Company of America, 97

Idaho 777, 544 P.2d 955 (1976),  the court noted the following about insurance

agents and their clients:

> A person in the business of selling
> insurance holds himself out to the public as
> being experienced and knowledgeable in
> this complicated and specialized field. . . .
> Ordinarily, an insured will look to his
> insurance agent, relying not unreasonably,
> on his expertise in placing his insurance
> problems in the agent's hands.

      7.     California Courts have recognized that a disparity in

knowledge may impose an affirmative duty of disclosure on an insurance agent.

Butcher v. Truck Insurance Exchange, 77 Cal.App.4th 1441, 1464 (2000)(citation

omitted).  The court noted that under the Restatement (Second) of Torts § 551,

> (1) One who fails to disclose to another a fact that he
> knows may justifiably induce the other to act or refrain
> from acting in a business transaction is subject to the
> same liability to the other as though he had represented
> the nonexistence of the matter that he has failed to
> disclose, if, but only if, he is under a duty to disclose the

matter in question.

(2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated, . . .

> (e) facts basic to the transaction if he knows that the other is about to enter into it under a mistake as to them and that the other, because of the relationship between them, the customs of the trade or other circumstances, would reasonable expect a disclosure of such facts.

8.    An insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance. Quality Furniture v. Hay, 61 Haw. 89, 595 P.2d 1066 (1979). In Quality Furniture, the Hawaii Supreme Court recognized that an insurance agent's responsibilities to its client are largely dependent on the parties' course of dealing.

9.    "It is well-settled that the false representations need not have been made by the defendant personally. 'If he authorized and caused it to be made it is the same as though he made it himself." Bangkok Crafts Corp. v. Capitolo Di San Pietro in Vaticano, 2006 WL 1997628, *9 (S.D.N.Y.).

10.    A principal is liable for an agent's misrepresentations that cause pecuniary loss to a third party, when the agent acts within the scope of his apparent authority.  American Soc'y of Mech. Eng're, Inc. v. Hydrolevel Corp.,

8

456 U.S. 556, 566 (1982).

11.    A person who otherwise would be liable to another for the misrepresentations of one apparently acting for him is not relieved from liability by the fact that the servant or other agent acts entirely for his own purposes, unless the other has notice of this. Lucas v. Liggett & Myers Tobacco Co., 50 Haw. 477, 481-482, 442 P.2d 460,463 (1968).

12.    A principal is subject to vicarious liability for a tort committed by an agent in dealing or communicating with a third party on or purportedly on behalf of the principal when actions taken by the agent with apparent authority constitute the tort or enable the agent to conceal its commission.  Restatement (Third) of Agency § 7.08.

13.    A Plaintiff claiming negligent misrepresentation must show that (1) false information is supplied as a result of the failure to exercise reasonable care or competence in communicating the information;  (2) the person for whose benefit the information is supplied suffered the loss;  and (3) the recipient relies upon the misrepresentation. Zanakis-Pico v. Cutter Dodge, Inc., 98 Haw. 309, 47 P.3d 1222, 1234 (2002); Blair v. Ing, 95 Haw. 247, 269, 21 P.3d 452, 474 (2001) (citing, Kohala Agriculture v. Deloitte & Touche, 86 Haw. 301, 323, 949 P.2d 141, 163 (1997), and Restatement (Second) of Torts § 552 (1977).

**(h)    Previous Motions.**

1.    On May 17, 2005, the Court entered its Order granting Defendant Watkins' Motion to Dismiss and Staying Case as to Aon and Acordia.

2.    On May 6, 2006, the Court entered an its Order Granting Plaintiff's Petition for Determination of Good Faith Settlement with Defendant Watkins.

3.    On October 4, 2006, the Court entered its Order Granting Plaintiff's Petition for Determination of Good Faith Settlement with Defendant Acordia.

**(i)    Witnesses to be Called.**

Plaintiff is likely to call the following witnesses at trial:

1.    Ronald Howard.  Mr. Howard is expected to testify with respect to Plaintiff's business history and practices, the passenger vessel industry, facts surrounding the purchase of the trade disruption policy at issue in this case, the processing of Plaintiff's claim for losses associated with 9/11 and Plaintiff's damages.

2.    Layne Wada.  Mr. Wada is expected to testify with respect to Plaintiff's business history and practices, the passenger vessel industry, facts surrounding the purchase of the trade disruption policy at issue in this case, the

processing of Plaintiff's claim for losses associated with 9/11 and Plaintiff's damages.

   3. John Iwanski.  Mr. Iwanski is expected to testify with respect to Plaintiff's business history and practices and facts surrounding the purchase of the trade disruption policy at issue in this case.

   4. William Davis.  Mr. Davis is expected to testify with respect to his business relationship with Plaintiff, Acordia Northwest, Inc.'s relationship with Aon, trade disruption insurance for the passenger vessel industry and facts surrounding the purchase of the trade disruption policy at issue in this case and the processing of Plaintiff's claim for losses associated with 9/11.

   5. Ginny Cernik.  Ms. Cernik will testify with respect to Acordia Northwest, Inc.'s relationship with Aon, trade disruption insurance for the passenger vessel industry and facts surrounding the purchase of the trade disruption policy at issue in this case.

   6. Alan Castle.  Mr. Castle with testify with respect to his business relationship with Plaintiff, Acordia Northwest, Inc.'s relationship with Aon, trade disruption insurance for the passenger vessel industry and facts surrounding the processing of Plaintiff's claim for losses associated with 9/11.

7.    Reginald White.  Mr. White  is expected to testify with respect to Plaintiff's business history and practices, the passenger vessel industry, facts surrounding the purchase of the trade disruption policy at issue in this case and Plaintiff's damages.

**(j)    Exhibits, Schedules and Summaries**

1.    Report of Oral Conversation between Bill Davis and John Iwanski re: TDI coverage, dated 03/09/1999
Witness: William Davis

2.    Quote for Paradise Cruise Ltd. Food Borne Illness Business Income Coverage, dated 06/18/1999
Witness: John Iwanski

3.    Cruise and vessel loss of income insurance Application, dated 06/30/1999
Witness: John Iwanski

4.    Fax from John Iwanski/PCL to Bill Davis re Analysis for loss of use of the *Star of Honolulu*, dated 07/13/1999
Witness: John Iwanski

5.    Fax from Aon to Bill Davis/Acordia with Trade Disruption quote dated, 07/20/1999
Witness: John Iwanski

6.    Fax from Bill Davis to John Iwanski with Trade Disruption quote from Aon, dated 07/20/1999
Witness: John Iwanski

7.    E-mail from Bill Davis to John Iwanski following up on 7/20 quote, dated 08/25/1999
Witness: John Iwanski

8.  E-mail from Bill Davis to John Iwanski, dated 09/07/1999
    Witness: John Iwanski

9.  E-mail from John Iwanski, dated 10/26/1999
    Witness: John Iwanski

10. E-mail from AON to Acordia Re: premium payments and
    commission to be split 50/50, dated 10/28/1999.

11. E-mail from AON to Acordia re payout on claims, dated
    11/03/1999
    Witness: William Davis

12. E-mail between Layne Wada and Brenda Oppegaard, dated
    08/10/2000
    Witness: Layne Wada

13. E-mail from Brenda Opegaard to Layne Wada , dated
    10/09/2000.
    Witness: Layne Wada

14. Facsimile from Acordia to Paradise Cruise with Endorsement
    to the Trade Disruption Cover, dated 11/09/2000
    Witness: Layne Wada

15. E-mail between Bill Davis and Simon Badley at Michael Else,
    dated 04/27/2001
    Witness: William Davis

16. Invoice for 1st Quarter Premium, dated 05/03/2001
    Witness: Layne Wada

17. Letter from Acordia enclosing policies dated Policy effective
    May 2001, dated 05/03/2001
    Witness: John Iwanski

18.    Invoice for 2nd Quarter Premium, dated 07/30/2001
       Witness: John Iwanski

19.    E-mail from Bill Davis to Layne Wada re TDI coverage for
       9/11, dated 09/18/2001
       Witness: Layne Wada

20.    E-mail from Layne Wada to Bill Davis re: TDI policy, dated
       09/26/2001
       Witness: Layne Wada

21.    Facsimile from Dale Krumheuer to Alan Castle, dated
       10/03/2001
       Witness: Layne Wada

22.    Letter from Alan Castle to Layne Wada re: Trade Disruption,
       dated 10/05/2001
       Witness: Layne Wada

23.    E-mail from Bill Davis to Layne Wada, dated 11/09/2001
       Witness: Layne Wada

24.    Invoice from Acordia Insurance Brokers to Paradise Cruise re:
       third quarter premium for $9224.33, dated 11/21/2001
       Witness: Layne Wada

25.    E-mail from Alan Castle to Bill Davis re: the claim and need
       for understanding the implications, dated 12/19/2001
       Witness: William Davis

26.    Invoice from Acordia re: Fourth Quarter Premium in the
       amount of $9,224.33, dated 01/20/2000
       Witness: Layne Wada

27.    Letter from Layne Wada to Alan Castle, dated 02/04/2002
       Witness: Layne Wada

28.    Facsimile from Acordia to Layne Wada, dated 02/19/2002
       Witness: Layne Wada

29.    Facsimile from Dale Krumheuer to Alan Castle, dated
       02/21/2002
       Witness: Layne Wada

30.    E-mail from Bill Davis to Layne Wada re: correspondence,
       dated 04/09/2002
       Witness: Layne Wada

31.    Facsimile from Bill Davis to Layne Wada re: new quote for
       coverage with $1,000,000.00 limit, dated 04/12/2002
       Witness: Layne Wada

32.    Facsimile from Alan Castle to Layne Wada PCL re: insurer's
       written response to request for reconsideration, dated
       05/03/2002
       Witness: Layne Wada

33.    Facsimile from Alan Castle to Layne Wada, dated 05/24/2002
       Witness: Layne Wada

34.    Letter from Ronald D. Howard to William Davis, dated
       07/03/2002
       Witness: Ronald Howard

35.    Letter from William Davis to Ron Howard, dated 07/15/2002
       Witness: Ronald Howard

36.    Paradise Cruise Limited General Ledger Reports and Income
       Statements for the years 1998, 1999, 2000 and 2001.
       Witness: Layne Wada

37.    Paradise Cruise Trade Disruption Insurance Analysis
       Witness: Layne Wada

38.    Paradise Cruise Charter Space Requests
       Witness: Layne Wada

39.    Paradise Cruise Charter Service Agreements
       Witness: Layne Wada

40.    Data from the State of Hawaii, Department of Business
       Economic Development and Tourism
       Witness: Layne Wada

**(k)    Further Discovery or Motions.**

None.

**(l)    Stipulations.**

None expected.

**(m)    Amendments, Dismissals.**

None expected.

**(n)    Settlement Discussion.**

Aon has repeatedly refused to engage in good faith settlement
discussions with Plaintiff and the other defendants, both of whom have settled
with Plaintiff.  Plaintiff believes that further discussions with the Court's
participation could be productive.

**(o)    Agreed Statement.**

None expected.

16

**(p)**    **Bifurcation, Separate Trial of Issues.**

None.

**(q)**    **Reference to Master or Magistrate Judge.**

Plaintiff would consider reference to a Magistrate.

**(r)**    **Appointment and Limitation of Experts.**

None.

**(s)**    **Trial.**

Jury trial is scheduled for January 9, 2007.

**(t)**    **Estimate of Trial Time.**

Plaintiff believes trial will last one week.

**(u)**    **Claims of Privilege or Work Product.**

None.

**(v)**    **Miscellaneous.**

Nothing known at this time.

DATED:  Honolulu, Hawaii, November 21, 2006.

ROBERT E. CHAPMAN
JOHN R. MYRDAL
ELISE OWENS THORN
Attorneys for Plaintiff
PARADISE CRUISE LIMITED

17

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PARADISE CRUISE LIMITED, ) CIVIL NO. CV04-00364
 )  ACK/BMK
 Plaintiff, )
 ) CERTIFICATE OF SERVICE
 vs. )
 )
MICHAEL ELSE AND COMPANY )
LTD.; GREAT LAKES )
REINSURANCE (UK) PLC, dba )
TRANSMARINE; LLOYD'S OF )
LONDON; LLOYD'S )
UNDERWRITERS; ACORDIA )
NORTHWEST, INC.; AON RISK )
SERVICES, INC. OF OHIO, )
 )
 Defendants. )
_____ )

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the

foregoing was duly served upon the following parties via hand delivery at their

following last known address:

 Jeffrey S. Portnoy, Esq.
 Stacey Kawasaki Djou, Esq.
 Cades Schutte LLP
 1000 Bishop Street, Suite 1200
 Honolulu, Hawaii 96813

  Attorneys for Defendant
  Aon Risk Services, Inc. of Ohio

DATED: Honolulu, Hawaii, November 21, 2006.


ROBERT E. CHAPMAN
JOHN R. MYRDAL
ELISE OWENS THORN
Attorneys for Plaintiff
PARADISE CRUISE LIMITED