IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| **PARADISE CRUISE LIMITED,** | ) | Civil No. 04-00364 ACK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MICHAEL ELSE AND COMPANY LTD.;** | ) | |
| **GREAT LAKES REINSURANCE (UK)** | ) | |
| **PLC, d.b.a. TRANSMARINE; LLOYD'S** | ) | |
| **OF LONDON; LLOYD'S UNDERWRITERS;** | ) | |
| **ACORDIA NORTHWEST, INC.; AON** | ) | |
| **RISK SERVICES, INC. OF OHIO;** | ) | |
| **WATKINS SYNDICATE,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER OF REFERENCE TO MAGISTRATE JUDGE KURREN**

The Court seeks to clarify the status of various Parties to the instant action. On June 10, 2004, Plaintiff filed a Complaint against Michael Else and Company, Ltd. ("Michael Else"); Great Lakes Reinsurance (UK) PLC, dba Transmarine ("Great Lakes"); Lloyd's of London; Lloyd's Underwriters; Acordia Northwest, Inc. ("Acordia"); and Aon Risk Services, Inc. of Ohio ("Aon") in a dispute over Plaintiff's insurance policy from or through Defendants for disruption of its cruise vessel business.

On August 13, 2004, Defendant Acordia filed an Answer. On August 16, 2004, Defendant Aon filed an Answer and a Cross-Claim against Defendants Michael Else, Great Lakes, Lloyd's of

1

London, Lloyd's Underwriters, and Acordia.

On September 7, 2004, Acordia filed an Answer to the Cross-Claim by Aon[1] and a Cross-Claim against Defendants Michael Else, Great Lakes, Lloyd's of London, Lloyd's Underwriters, and Acordia. On September 9, 2004, Aon filed an Answer to Acordia's Cross-Claim.

Although not named as a Party in the Complaint, Watkins Syndicate ("Watkins") Answered the Complaint on December 3, 2004, stating that Defendants Lloyd's of London and Lloyd's Underwriters were erroneously identified in the Complaint, and that Watkins, a syndicate at Lloyd's of London, is the one and only subscribing insurer under the alleged policy of insurance. Lloyd's of London and Lloyd's Underwriters did not file an Answer and have not appeared in the action. On March 21, 2005 an entry modifying the docket in this case added Watkins Syndicate as a Defendant. It is not clear, however, whether Lloyd's of London

---

[1] Acordia's Answer and Cross-Claim filed September 7, 2004 was titled, "Acordia Northwest Inc.'s Answer to Cross-Complaint by <u>Tomlinson, Inc.</u> and Cross-Complaint Against Michael Else and Company Ltd.; Great Lakes Reinsurance (UK) PLC, dba Transmarine; Lloyd's of London; Lloyd's Underwriters and Aon Risk Services, Inc. of Ohio" (emphasis added). The docket does not indicate that there is any party in this case by the name of Tomlinson, Inc. The text of the Answer refers to Cross-Claimant Aon Risk Services, Inc., so it appears that the title erroneously refers to Tomlinson, Inc.. In addition, Acordia uses the term "Cross-Complaint," for its assertion of a cross-claim against other Defendants in the action and a third-party complaint against non-parties. For simplicity's sake, the Court will refer to Acordia's Cross-Complaint as a cross-claim in this Order.

and Lloyd's Underwriters, have been terminated in the action as erroneously identified parties.

On December 20, 2004, the Plaintiff filed a Notice of Dismissal of the Complaint against Defendants Michael Else and Great Lakes without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).  Thus, Michael Else and Great Lakes were dismissed as Defendants to the Complaint, but it is unclear whether they remain as Cross-Defendants to Acordia or Aon's cross-Claims.

On May 17, 2005, this Court issued an Order granting Defendant Watkins' Motion to Dismiss for lack of personal jurisdiction over Watkins and staying the case as to Aon and Acordia.

On May 1, 2006, Magistrate Judge Kurren issued an Order granting Plaintiff's Petition for Determination of Good Faith Settlement with Defendant Watkins and dismissing all cross-claims against Watkins with prejudice pursuant to Hawaii Revised Statutes § 663-15.5.  This Court, however, has not issued an Order dismissing Defendant Watkins as a Party to the action.

On October 4, 2006, Magistrate Judge Kurren issued an Order granting Plaintiff's Petition for Determination of Good Faith Settlement with Defendant Acordia and dismissing all cross-claims against Acordia with prejudice pursuant to Hawaii Revised Statutes § 663-15.5.  This Court has not issued an Order

dismissing Defendant Acordia as a Party to the action.

On May 3, 2007, a stipulation for dismissal with prejudice of all claims against Aon Risk Services, Inc. of Ohio was lodged with this Court. However the stipulation (which incorrectly refers to Civ. No. 04-00532 in its caption) is only signed by Plaintiff's attorney and Aon's attorney, and does not include the signatures of other parties who may remain in the action.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), United States Magistrate Judge Barry M. Kurren is designated to issue findings and recommendations in this civil action regarding:

   (1) The status of Lloyd's of London and Lloyd's Underwriters as parties to this action;

   (2) The status of any cross-claims against Cross-Defendants Michael Else and Company and Great Lakes Reinsurance (UK) PLC, dba Transmarine;

   (3) The status of Watkins Syndicate as a party to the action; and

   (4) The status of Acordia as a party to the action.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, May 7, 2007.



                          _____
                          Alan C. Kay
                          Sr. United States District Judge

Civ. No. 04-00364 ACK-BMK <u>ORDER OF REFERENCE TO MAGISTRATE JUDGE KURREN</u>.